UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-20710-CR-GOLD/MCALILEY

UNITED STATES OF AMERICA,

        Plaintiff,

v.

RODOLFO ORTIZ,

        Defendant.
_____/

## REPORT AND RECOMMENDATION ON DEFENDANT RODOLFO ORTIZ' MOTION TO DISMISS

Pending before the Court is Defendant Ortiz' Motion to Dismiss Indictment [DE 47], which claims the Indictment violates Ortiz' Fifth Amendment right to substantive due process. This Motion was referred to me by the Honorable Alan S. Gold. [DE 50]. The government filed a response, [DE 49], and the Motion is fully briefed. For the reasons set forth below, I recommend that the Motion be denied.

### I.   Background

On July 31, 2009, Ortiz was arrested in a "reverse sting" operation executed by the STOP (Street Terror Offender Program) Task Force, a joint effort between the Miami-Dade Police Department and the Bureau of Alcohol, Tobacco, Firearms and Explosives. [DE 47, ¶¶ 3, 8, 9, 13]. It is the Mission Statement of the Task Force to "*take off the street* criminals *currently engaged* in violent crimes such as home invasion robberies and drug 'ripoffs.'" [*Id.*

at ¶ 13](emphasis in original).[1]

The investigation of Ortiz began when a confidential informant (CI) provided a tip that Ortiz had approached him with a plan to rob a marijuana grow house.[2] Under the direction of the Task Force, the CI took Ortiz to the grow house to observe a fake raid of the residence. The CI then made a recorded call to Ortiz, informing him of another opportunity to participate in a home invasion robbery. [*Id.* at ¶¶ 4, 5]. Ortiz met with an undercover officer to plan the armed robbery of a fictitious cocaine stash house. On the day of the planned robbery Ortiz was apprehended, after attempting to flee. [*Id.* at ¶¶ 6-9]. On August 17, 2009, a grand jury issued a ten-count Indictment with various charges arising out of Ortiz's alleged involvement in the fictitious robbery. [DE 15].

## II. Analysis

Ortiz contends that a reverse sting which falls outside the Task Force's Mission Statement violates his Fifth Amendment right to substantive due process and warrants dismissal of the Indictment. He argues that, because at the time he was targeted by the government he was not involved in a crime falling within the STOP Mission Statement, the government's investigation of him exceeded the outer limits of Constitutionally permissible techniques that can be used by law enforcement.

The government responds that at the time it began its investigation, it had ample

---

[1] Defendant did not provide the Court with a copy of the Mission Statement, but the government does not dispute the accuracy of the quotation.

[2] The Defendant relies upon facts alleged in the Criminal Complaint [DE 1], which the Court accepts as true for purposes of this Motion.

evidence that Ortiz was actively engaged in home invasion robberies. More to the point, the government contends that STOP's adoption of a Mission Statement does not give Ortiz a "constitutional right to be free of prosecution for crimes that extend beyond the limits of STOP's self-imposed directives." [DE 49, p. 3].

The bar for finding a violation of a criminal defendant's Fifth Amendment right to substantive due process as a result of law enforcement techniques used in an investigation is extremely high. The Eleventh Circuit has rejected similar claims in other reverse sting investigations, finding that the defendants had not shown that the law enforcement techniques violated fundamental fairness and were shocking to the universal sense of justice mandated by the Due Process Clause of the Fifth Amendment. *United States v. Savage*, 701 F.2d 867, 868-69 (11th Cir. 1983) ("extremely outrageous and shocking conduct" is necessary to establish a due process violation); *United States v. Sanchez*, 138 F.3d 1410, 1413-1414 (11th Cir. 1998) ("demonstrable level of outrageousness" must be shown).

Ortiz' allegations here fall far short of this standard. To begin, reverse stings have been recognized as a permissible law enforcement technique. "The government in no sense created [Ortiz'] crime[] because it merely presented [him] with an opportunity that was in no way unique, of which [Ortiz] w[as] more than willing to take advantage." *Savage*, 701 F.2d at 869. And, even if the reverse sting did not fall within the precise parameters of Task Force's Mission Statement, the government is certainly correct here that the Mission Statement does not confer upon Ortiz a right to be free from investigation beyond the scope of those parameters. Ortiz simply has not shown the Task Force's presumed engaging of him

in a reverse sting operation violated notions of fundamental fairness or shocks the universal sense of justice that is mandated by the Due Process Clause.

### III. Recommendation

Based on the foregoing, I recommend that Defendant Ortiz' Motion to Dismiss Indictment [DE 47] be **DENIED**.

### IV. Objections

Pursuant to Magistrate Rule 4(a), the parties may file written objections to this Report and Recommendation with the Honorable Alan S. Gold no later than 14 days from the date of this Report and Recommendation. Failure to timely file objections shall bar the parties from attacking on appeal any factual findings contained herein. *See RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11 th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988).

RESPECTFULLY SUBMITTED in chambers at Miami, Florida, this 27th day of January, 2010.

CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Alan S. Gold
All counsel of record

4